**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Dennis J. Dlugo,** | ) | **CASE NO. 1:14 CV 711** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sigma-Aldrich, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 6). The issue in this matter is whether the resident of Ohio was fraudulently joined in order to destroy diversity. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Dennis Dlugo filed his Complaint in the Cuyahoga County Common Pleas Court against defendants Sigma-Aldrich, Annie Harlan, Brandi Williams, and Brian

1

Wahlquist. Defendants removed to this Court on the basis of diversity jurisdiction.[1]  The Complaint alleges the following in relevant part.

Plaintiff was an employee of defendants. Defendant Harlan (the only Ohio defendant) was an employee of Sigma-Aldrich "in the Human Resources Department and was responsible for monitoring, investigating, and/or supervising plaintiff's employment and employment related claims.  Defendant Harlan had the authority to terminate or influence the decision to terminate plaintiff's employment" with Sigma-Aldrich.  Williams was an employee of Sigma-Aldrich in the Internal Audit Division.  Walquist was an employee of Sigma-Aldrich as in-house counsel.  Plaintiff uses the same verbiage to describe Williams's and Walquist's authority over him as Harlan had.

Between August and September 2013, plaintiff's co-employee, Michelle Pettry, complained to Sigma-Aldrich about being sexually harassed. Pettry told plaintiff about the harassment.  On October 2, 2013, Walquist and Williams questioned plaintiff, in a private closed room, about his knowledge of Pettry's allegations.  During the questioning, Walquist and Williams were intimidating and aggressive.  Walquist and Williams threatened plaintiff with termination and criminal charges. Plaintiff answered their questions honestly.  Walquist, Williams, and Harlan tortiously interfered with  plaintiff's employment and made false accusations about what plaintiff said in the investigation.  Walquist, Williams, and Harlan falsely claimed that plaintiff admitted to lying to defendants and implicated a co-employee of wrongdoing. Sigma-Aldrich terminated plaintiff as a result of Harlan's, Walquist's, and

---

[1] A related case, *Michelle Pettry v. Sigma-Aldrich, et al.,* was transferred to this Court.

William's false claims.

The Complaint sets forth six claims. All are state law claims. Count One alleges that defendants retaliated against plaintiff. Count Two alleges defendants committed false imprisonment.  Count Three alleges that Harlan, Williams, and Walquist tortiously interfered with his employment.  Count Four alleges all defendants breached a public policy.  Count Five alleges that Sigma-Aldrich is liable under the theory of *respondeat superior*.  Count Six alleges punitive damages.

This matter is now before the Court upon plaintiff's Motion to Remand.

**Standard of Review**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory...."). The determination of federal jurisdiction in a diversity

case is made as of the time of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. Id. at 453-54.

"Where federal jurisdiction is based on diversity, diversity must be complete. A removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Spizizen v. National City Corporation,* 516 Fed.Appx. 426 (6th Cir. 2013) (citations omitted) "To prove fraudulent joinder, the removing defendant must show that the

3

plaintiff did not have a colorable cause of action against the defendant in state court." *Id.* (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir.1999)).

### **Discussion**

Plaintiff argues that there is no diversity as Harlan was properly joined. Defendants argue that Harlan was fraudulently joined to destroy diversity jurisdiction. The question is whether there is a colorable cause of action against Harlan.

Count One alleges plaintiff engaged in protected activity under O.R.C. § 4112.02 when he told defendants about his knowledge of Pettry's sexual harassment and that defendants retaliated against him when they terminated him in violation of the statute. Defendants assert that while supervisors may be held individually liable under Ohio's anti-discrimination statute, plaintiff has not alleged that Harlan was plaintiff's supervisor, but rather she "was responsible" for "monitoring, investigating, and/or supervising" plaintiff and "had the authority" to "terminate or influence the decision to terminate" plaintiff. Such equivocation, defendants contend, does not amount to an allegation that Harlan was plaintiff's supervisor.

The Court finds that the Complaint states a colorable claim against Harlan. As defendants point out, "A supervisor is an individual who serves in a supervisor position and exercises significant control over plaintiff's hiring, firing[,]or conditions of employment." *Newton v. Ohio Department of Rehabilitation and Correction*, 496 Fed.Appx. 558 (6th Cir. 2012) (citing *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796 (6th Cir. 1994)). The Complaint alleges that Harlan was responsible for, among other things, supervising plaintiff's employment. Additionally, she had the authority to terminate plaintiff. The Complaint also

alleges in Count One that "defendants retaliated against him and terminated his position." The Court has to assume that, as one of the defendants, Harlan retaliated against plaintiff and terminated him.

Having found that Count One states a colorable claim against Harlan in state court, the Court need not proceed further to an analysis of the remaining claims.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/3/14